IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON RUDOLPH STANFORD, | § | No. 1:25-CV-817-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BEHROOZ P. VIDA, et al., | § | |
| | § | |
| Defendants. | § | |

_____

**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING
PLAINTIFF'S MOTIONS; (3) DISMISSING FEDERAL LAW CLAIMS WITH
PREJUDICE; AND (4) DISMISSING STATE-LAW CLAIMS WITHOUT
PREJUDICE**

Before the Court is: (1) a Report and Recommendation (the "Report")

(Dkt. # 6) submitted by United States Magistrate Judge Mark Lane; and (2) no less

than fifteen motions and other filings by Pro Se Plaintiff Jason Rudolph Stanford

("Plaintiff" or "Stanford") (Dkts. ## 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18,

19, 21). The Court finds these matters suitable for disposition without a hearing.

After reviewing the Report, the Court **ADOPTS** Judge Lane's recommendations

and **DISMISSES WITH PREJUDICE** Plaintiff's federal causes of action

pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISSES WITHOUT**

**PREJUDICE** Plaintiff's state-law claims. Accordingly, Plaintiff's pending

motions (Dkts. ## 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19) are **DENIED**. The

1

Court again **WARNS** Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar.

BACKGROUND

Jason Stanford, a resident of Irving, Texas, is a repeat pro se filer who was declared a vexatious litigant by the United States District Court for the Northern District of Texas, where he must seek leave before filing any new litigation. See Stanford v. England Carrier Servs. LLC, No. 4:24-CV-00241-O-BP, 2024 WL 3732487, at *1 (N.D. Tex. Aug. 7, 2024). The Northern District also sanctioned Stanford under Rule 11 for knowingly filing false and misleading documents. England Carrier, No. 4:24-CV-00241-O-BP, Dkt. 24 (July 23, 2024). Since then, he has filed several cases in this District. See Stanford v. State of Texas, No. 1:24-CV-01132-RP (W.D. Tex. Sept. 24, 2024) (sharing many of the same defendants as the above-captioned action before it was dismissed as frivolous); Stanford v. Vida ("Vida I"), No. 1:25-CV-00792-DAE-ML (W.D. Tex. May 22, 2025). Vida I was filed six days before the above-captioned action and shares all the same defendants plus one additional defendant. Judge Lane also issued a Report and Recommendation with a vexatious litigant warning in Vida I, No. 1:25-CV-00792 (Dkt. # 5), which this Court adopts in a separate order.

In the present case, Plaintiff brings claims against Behrooz P. Vida, the Chapter 7 Trustee in his bankruptcy matter and Vida's law firm; Vida Law

Firm, PLLC; and Erin Schmidt, a federal officer of the U.S. Trustee Program.

(Dkt. # 1.)  He sues corporate entities England Carrier Services, LLC ("ECS");

NFusion Capital Finance, LLC; and GlobalTranz Enterprises, LLC (collectively,

the "Corporate Defendants").  (Id.)  He also sues the attorneys who represented

these entities: Lauren M. Nelson, Christopher Snead, Joseph Luce, Ken Starr, and

Spencer Fane LLP, attorneys Nelson and Snead's firm.  (Id.)  Finally, he sues his

own previous counsel: Marcus Leinart, Richard Anderson, and Leinart Law,

PLLC.  (Id.)  Plaintiff purports to bring this suit under § 1983, claiming that

Defendants violated his First, Fifth, and Fourteenth Amendment rights.  (Id.)  He

also asserts breach of fiduciary duty claims against Vida, Schmidt, and his past

counsel.  (Id.)

On August 21, 2025, Judge Lane issued his Report in the present case,

recommending that this Court dismiss with prejudice Plaintiff's § 1983 claims as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss without prejudice

Plaintiff's state-law fiduciary breach claims against his counsel.  (Dkt. # 6)  Judge

Lane further warned Plaintiff that continuing to file frivolous or duplicative suits in

this court may result in imposition of monetary sanctions and pre-filing bar.  (Id.)

Plaintiff failed to heed Judge Lane multiple warnings and proceeded to file at least

28 motions on the docket of this Court, including in Vida (I).  Plaintiff filed two

separate objections to the Report, the first on August 28, 2025 (Dkt. # 20) and the

second on September 5, 2025 (Dkt. # 23).  Because Plaintiff already filed

objections (Dkt. # 20) and the second set of objections (Dkt. # 23) contain around

26 separate objections which are conclusory, frivolous, and repetitive, the Court

will only address the first set of objections (Dkt. # 20).[1]

<u>APPLICABLE LAW</u>

The Court must conduct a de novo review of any of the Magistrate

Judge's conclusions to which a party has specifically objected.  <u>See</u> 28 U.S.C.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made.").  The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider.

---

[1] Throughout his second set of objections, Plaintiff references his various pending
motions for judicial notice (Dkts. ## 8, 9, 11, 12, 13, 14, 15, 16, 17, 18).  A district
court may take judicial notice of a "fact that is not subject to reasonable dispute
because it (1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot
reasonably be questioned."  Fed. R. Evid. 201(b).  While some of Plaintiff's many
pending motions for judicial notice may be procedurally proper, most are disguised
attempts to re-argue various points and improperly ask the Court to take judicial
notice of various conclusory allegations after Judge Lane already recommended
dismissal.  (<u>See</u>, <u>e.g.</u>, Dkts. ## 8, 9, 12.)  Objections to a Report and
Recommendation are not the proper vehicle for allowing parties to raise at the
district court new evidence, argument, and issues that were not presented to the
magistrate judge.  <u>Cupit v. Whitley</u>, 28 F.3d 532, 535 n.5 (5th Cir. 1994).  Thus,
the Court also does not consider the second set of objections (Dkt. # 23) due to
their heavy reliance on procedurally improper motions filed after the Report was
issued.

<u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  <u>Battle v. U.S. Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).  Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon.  <u>See</u> <u>Palomo v. Collier</u>, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); <u>Malacara v. Garber</u>, 353 F.3d 393, 405 (5th Cir. 2003); <u>Edmond v. Collins</u>, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

## ANALYSIS

In his Report, Judge Lane first determined that "any claim that must be brought under section 1983 should be dismissed[]" because "[Plaintiff] alleges no facts that any Defendant is a state actor."  (Dkt. # 6 at 6.)   As to the attorney and trustee defendants, Judge Lane determined that each is entitled to immunity.

(Id. at 7.)   Judge Lane next determined that Plaintiff did not plead any specific

claims against the Corporate Defendants and failed to plead a plausible § 1983 or

§ 1985(2) claim against these Defendants.  (Id.)  Lastly, Judge Lane determined

that the breach of fiduciary duty claims against counsel have already been

determined to be frivolous in prior actions and the court has no jurisdiction over

these claims after the federal claims are dismissed.  (Id. at 8) (citing Texas, 1:24-

CV-1132-RP (Dkt. # 10 at 3–4)).

     Plaintiff first objects that the Report is deficient because "[i]t does not

specify what allegations were reviewed, what evidence was considered, or how

statutory standards were applied."  (Dkt. # 20 at 2.)  The Court disagrees.  Judge

Lane stated each of Plaintiff's claims before explaining why no claim is

sustainable against the Defendants.  (Dkt. # 6 at 5–8.)  To the extent the Report

does not address each of Plaintiff's allegations, any deficiency is due to the

frivolous nature of Plaintiff's pleadings and Plaintiff's own failures to allege facts

sufficient to support his claims.

     Plaintiff next objects that the Report "dismisses Plaintiff's claims as

frivolous while ignoring that **every allegation and claim pled in this action**

**corresponds to a live and pending case** in state, federal district, bankruptcy, or

appellate court."  (Dkt. # 20 at 2.)  Plaintiff then cites each of his thirteen ongoing

and closed lawsuits which have been identified as estate assets in his bankruptcy

case, and thus it is "**legally impossible** for Plaintiff's claims to be 'frivolous.'" (Id.

at 2–3.)  The Court disagrees.  Judge Lane recommended dismissal of Plaintiff's

federal causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B) (Dkt. # 6 at 9)

which mandates dismissal of a case if the court determines that the action "is

frivolous or malicious; fails to state a claim on which relief may be granted; *or*

seeks monetary relief against a defendant who is immune from such relief."  28

U.S.C. § 1915(e)(2)(B) (emphasis added).  Judge Lane did not state that the claims

should be dismissed because they are frivolous but because Plaintiff had not stated

a claim on which relief may be granted.  (Dkt. # 6 at 5–8.)

      Furthermore, Trustee Vida marking Plaintiff's lawsuits as an estate

asset does not negate the frivolous nature of Plaintiff's claims.  In Ch.7 bankruptcy

cases, "[a]s representative of the estate, the trustee 'succeeds to all causes of action

held by the debtor at the time the bankruptcy petition is filed.'"  Drew v. Anderson,

988 F.2d 1212, *2 (5th Cir. 1993) (quoting Miller v. Shallowford Community

Hosp., Inc., 767 F.2d 1556, 1559 (11th Cir.1985)).  That is because a lawsuit may

result in monetary relief which would become the debt or asset of the bankruptcy

estate; it bears no relation to the merits of the case.  In other words, just because

Plaintiff's causes of action are listed as bankruptcy estate assets does not mean

they are likely to succeed or are not frivolous. Rather, Plaintiff's list of thirteen lawsuits further indicates that his claims and cases are frivolous.[2]

Lastly, Plaintiff objects that dismissal of his claims would be a due process violation "because the dismissal of claims recognized by the Trustee as estate property would extinguish rights of both the Plaintiff and the bankruptcy estate without notice, hearing, or adjudication on the merits." (Dkt. # 20 at 3.) This argument is frivolous considering several of Plaintiff's actions are against Trustee Vida himself and arise out of Plaintiff's several failed attempts to remove Vida as trustee and later sue him because Trustee Vida did not believe Plaintiff's actions had merit. (See, e.g., Dkt. # 18 at 21, 42–44, 46–49) (Trustee Vida's responses to Plaintiff's various filings in bankruptcy court).

Based on the foregoing and given his detailed consideration, the Court finds that Judge Lane's rulings in this matter were not clearly erroneous. Therefore, the Court will overrule Plaintiff's objections, and the Report will be adopted. The Court will dismiss with prejudice Plaintiff's federal causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss without prejudice Plaintiff's state-law causes of action. Accordingly, Plaintiff's pending motions are denied

---

[2] In fact, combing through Plaintiff's filings reveals that a major source of Plaintiff's dispute with Trustee Vida is because Plaintiff was unable to have Vida removed as chapter 7 trustee after he did not believe Plaintiffs various causes of action had merit. (See Dkt. # 18 at 21.)

(Dkts. ## 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19). Lastly, the Court warns Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar.

CONCLUSION

Based on the foregoing, the Court: (1) **ADOPTS** Judge Lane's Report and Recommendation (Dkt. # 6) as the opinion of the Court; and (2) **DENIES** Plaintiff's pending motions (Dkts. ## 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19). It is further **ORDERED** that Plaintiff's federal law causes of action in this case are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's remaining state-law causes of action are **DISMISSED WITHOUT PREJUDICE.** The Court again **WARNS** Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar. The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE.**

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, October 22, 2025.

_____

David Alan Ezra
Senior United States District Judge